IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARLOS CHAVEZ,

      Plaintiff,

vs.                                                                       No. CR 05-2452 MV

UNITED STATES OF AMERICA,

      Defendant.

**ORDER DENYING PLAINTIFF'S MOTION
FOR RETURN OF SEIZED PROPERTY**

**THIS MATTER** came before the Court on Plaintiff's Motion for Return of Seized Property Pursuant to Fed. R. Crim. P. 41(g) with Incorporated Memorandum of Law (Doc. 36), filed May 5, 2009. After considering the motion, response, and relevant law, the Court finds the motion should be **DENIED** for the reasons stated herein.

**STATEMENT OF THE ISSUE**

Pursuant to Federal Rule of Criminal Procedure 41(g), Plaintiff moves for the return of property he alleges was seized by the United States. Specifically, Plaintiff moves for the return of $2,008 in U.S. currency and a Motorola cellular telephone that he alleges Drug Enforcement Administration (DEA) agents seized in connection with Plaintiff's arrest for Possession with Intent to Distribute 50 grams and more of a mixture or substance containing Methamphetamine on October 26, 2005. (Doc. 36, pp. 2-3.) In its response, Defendant argues that Plaintiff is not entitled to the return of his property because Plaintiff's $2,008 was lawfully seized and forfeited, and there is no record of a cellular telephone ever being logged into evidence. (Doc. 37, p. 2.) Plaintiff argues that his property should be returned because it "has no continuing evidentiary

value in [the] underlying criminal case which has been indicted, prosecuted, and negotiated to disposition, sentence, and forfeiture." (Doc. 36, p. 5.)

## FACTUAL BACKGROUND

On October 26, 2005, Plaintiff was arrested after he sold methamphetamine to an undercover DEA agent. (Doc. 35, pp. 1-2.) During a search incident to Plaintiff's arrest, agents seized $2,008 from his person, which was subsequently logged into evidence. (Doc. 35, p. 3; Doc. 37, Ex. 1.) Plaintiff received notice of the seizure and did not file a claim for the property. (Doc. 37, Ex. 2.) The government initiated administrative forfeiture proceedings and the Drug Enforcement Administration issued a Declaration of Forfeiture as to the $2,008 on February 1, 2006. (Doc. 37, Ex. 2.) Plaintiff also alleges that a Motorola cellular telephone was also seized. (Doc. 36, p.3.)

On February 22, 2006, Plaintiff pled guilty to one count of possession with intent to distribute 50 grams and more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and one count of carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924 (c)(1)(A)(I). On November 8, 2006, the Court sentenced Plaintiff to 120 months imprisonment. Plaintiff now moves for return of his property pursuant to Federal Rule of Criminal Procedure 41(g).

## ANALYSIS

DEA agents searched Plaintiff's person and seized his property in connection with his arrest for possession with intent to distribute methamphetamine. Although a search executed without a warrant is generally unreasonable under the Fourth Amendment, one well-recognized exception to the warrant requirement is a search incident to a lawful arrest. *Arizona v. Gant*, 129

S.Ct. 1710, 1716 (2009); *United States v. Donnes*, 947 F.2d 1430, 1437 (10th Cir. 1991).

Although Plaintiff alleges that a cellular telephone was seized in addition to $2,008 in cash, the Court has no evidence that the agents seized Plaintiff's telephone. Defendant has submitted a Seizure Form with an attached Probable Cause Statement (Doc. 37, Ex. 1) and a Declaration of Forfeiture (Doc. 37, Ex. 2), none of which make any mention of the telephone. The Probable Cause Statement provides a detailed account of the arrest and incident search, setting forth the quantity of narcotics and the precise denominations of the currency seized. (Doc. 37, Ex. 1, p. 5.) The Probable Cause Statement also describes the firearm that formed the basis of Plaintiff's firearm offense, which was found on Plaintiff's person. *Id*. Finally, the field labeled "Asset Description" in the Declaration of Forfeiture form mentions only the currency. (Doc. 37, Ex. 2.) Because none of these documents – which were separately completed and signed by multiple DEA agents as well as an attorney in the DEA's Asset Forfeiture Section – reference a cellular telephone, the Court must conclude that no telephone was seized. Therefore, the only issue before the Court is whether Plaintiff is entitled to the return of the $2,008 seized by the DEA agents.

When law enforcement agents seize illegal controlled substances during a lawful search, any money discovered during the search "shall be subject to forfeiture to the United States and no property right shall exist in [it if it is] . . . furnished or intended to be furnished by any person in exchange for a controlled substance." 21 U.S.C. § 881(a). In addition, "[a]ll right, title, and interest in property described in subsection (a) of this section shall vest in the United States upon commission of the act giving rise to forfeiture under this section." 21 U.S.C. § 881(h).

Plaintiff alleges that he has been aggrieved by the seizure of his property. (Doc. 36, p. 2.)

Federal Rule of Criminal Procedure 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Although Plaintiff states that he is aggrieved by the deprivation of his property, he does not challenge his arrest as unlawful or argue that the seizure of the property was unlawful. Rather, he argues that he is entitled to relief because his property no longer has evidentiary value in his underlying criminal case. (Doc. 36, p. 5.)

The fact that seized property is no longer being used as evidence in a criminal case is of no consequence under Rule 41(g). Rather, to establish a claim under Rule 41(g), the moving party must be entitled to lawful possession of the property in question. *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1206 (10th Cir. 2001). Plaintiff does not allege that he is entitled to lawful possession; he does not deny that the $2,008 falls under Section 881(a), which expressly states that "moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance . . . , [and] all proceeds traceable to such an exchange" shall be subject to forfeiture to the United States. 21 U.S.C. § 881(a)(6).

Moreover, Plaintiff received notice of the seizure pursuant to 21 U.S.C. § 881(d) and 19 U.S.C. § 1607(a),[1] and did not file a claim for his property after receiving this notice. (Doc. 37,

---

[1] Section 881 provides that the law relating to the seizure of property for violation of United States customs laws applies to seizures and forfeitures incurred under the section. 21 U.S.C. § 881(d). Section 1607, which relates to the seizure of property for violation of customs laws, provides that "[w]ritten notice of seizure together with information on the applicable procedures shall be sent [for at least three successive weeks] to each party who appears to have an interest in the seized article." 19 U.S.C. § 1607(a).

4

Ex. 2.) Because Plaintiff has failed to offer any evidence that the seizure of his property was unlawful, title to the property has lawfully vested in the United States.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Return of Seized Property Pursuant to Fed. R. Crim. P. 41(g) with Incorporated Memorandum of Law (Doc. 36) is **DENIED**.

DATED this 24th day of September, 2009.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE